# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| CLARENCE JOHNSON,<br><br>                Plaintiff,<br><br>v.<br><br>SKIL TECH INC,<br>UNITED HEARTLAND,<br>DANIEL LIVELY, ATTORNEY,<br><br>                Defendants. | Case No. 17-cv-403 (JRT/FLN)<br><br>**ORDER and REPORT AND RECOMMENDATION** |

       This matter comes before this Court on Plaintiff 's complaint and *in forma pauperis* application ("IFP"). ECF Nos 1 and 3. Plaintiff's IFP application cannot be granted at this time because the IFP application and complaint are inadequate for the reasons discussed below.

       After review of the IFP application, the Court concludes that Johnson qualifies financially for IFP status. That said, an IFP applicant's complaint will be dismissed if the complaint fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In

assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).

Plaintiff's current complaint is incoherent and the Court is unable to plausibly infer what it is Plaintiff claims the Defendants did that entitles him to relief. Plaintiff has identified as defendants a painting company that employed him more than ten years ago in 2006, the employer's insurer and a lawyer for the insurer/employer. *See* ECF No. 2-2 at 34, 40. It appears from Plaintiff's exhibits that he filed a worker's compensation claim against the painting company defendant, which was settled in 2007.[1] *See* ECF No. 2-2 at 34-40.

Plaintiff's complaint is inadequate. Under Rule 8 of the Federal Rules of Procedure, Plaintiff is required to provide "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief". Plaintiff answered "n/a" to all the questions on his complaint regarding jurisdiction. ECF No. 1 at 3. The facts Plaintiff alleges are incoherent and confusing and the Court is unable to plausibly infer what it is the Plaintiff claims the defendants did.

## ORDER

---

[1] Plaintiff has filed three lawsuits with similar claims in the span of a month. *See* Case Nos. 17-cv-347 (WMW/BRT) and 17-cv-243 (PJS/SER). All of them appear to relate to workers compensation claims from many years ago. Plaintiff also brought two federal lawsuits relating to the claims in Case Number 17-cv-347 against his former employer University Good Samaritan Center in 2004 and 2011 and attempted to have Judge Frank re-consider the decision against him in the 2004 case in 2015. *See* Case No. 04-cv-4684, ECF No. 49; Case No. 11-cv-1154.

Based upon the foregoing, and upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that: Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 3) is hereby DENIED.

RECOMMENDATION

IT IS HEREBY RECOMMENDED that: Plaintiff's complaint be DISMISSED for failure to allege any basis for this court's jurisdiction, and for failure to state a claim.

Dated: June 6, 2017                      __*s/Franklin L. Noel*__
                                                      FRANKLIN L. NOEL
                                                      United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.